# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SCOTT KING**
Scott King Group
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
**AARON J. SPOLARICH**
Deputy Attorneys General
Indianapolis, Indiana

**FILED**

Mar 27 2013, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH J. SCOTT, | ) | |
| | ) | |
| Appellant/Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1208-PC-420 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G03-1109-PC-9

**March 27, 2013**

**OPINION – FOR PUBLICATION**

**BRADFORD, Judge**

# INTRODUCTION[1]

Joseph Scott was operating a vehicle with a blood alcohol concentration ("BAC") of 0.18 grams per deciliter when he fled a police officer and lost control of the vehicle, killing another. Scott indicated that he wanted to plead guilty, and his trial counsel advised him that the maximum sentence he could receive following that guilty plea would be thirty years of incarceration. Scott pled guilty to Class B felony operating a vehicle with a BAC of at least 0.18 g/dl and Class B felony resisting law enforcement causing death. The trial court sentenced Scott to an aggregate sentence of thirty years of incarceration with five suspended to community corrections, and Scott did not appeal. Eventually, Scott filed a petition for post-conviction relief ("PCR"), alleging fundamental error and that he received ineffective assistance of trial counsel. Because we conclude that Scott received ineffective assistance of trial counsel, we reverse and remand with instructions to impose a sentence of twenty-three years of incarceration.

## FACTS AND PROCEDURAL HISTORY

On July 29, 2006, Scott was operating a vehicle when Merrillville Police Officer Michael Gurgevich attempted to stop him, activating his lights and siren. Instead of stopping, Scott fled from Officer Gurgevich, and, in the course of his flight, Scott's vehicle spun out of control, striking and killing Kirk Mitchell. At the time, Scott's BAC was 0.18

---

[1] We heard oral argument in this case on March 12, 2013, on the campus of Manchester University in North Manchester, Indiana. We would like to commend counsel on the quality of their presentations and thank the faculty, staff, and students of Manchester and representatives of the Wabash County bar for their hospitality.

g/dl.

On August 10, 2006, the State charged Scott with Count I, Class B felony operating a vehicle with a BAC of at least 0.18 g/dl causing death; Count II, Class B felony resisting law enforcement causing death; Count III, Class C felony reckless homicide; and Count IV, Class C felony criminal recklessness. On August 21, 2007, Bruce Parent entered his appearance as Scott's trial counsel. On April 9, 2008, Scott pled guilty to all counts without benefit of a plea agreement.

On May 9, 2008, the trial court accepted Scott's pleas to Counts I and II but not for Counts III and IV, finding that Counts III and IV were subsumed into Counts I and II. The trial court sentenced Scott to fifteen years of incarceration each for Counts I and II, the sentences to be served consecutively, and with five years of Count II suspended to the Lake County Community Corrections Forensic Diversion Program. The trial court found Scott's youth and remorse to be mitigating. The trial court found, as aggravating circumstances, Scott's prior criminal history and that fact that he was on probation at the time of the current offenses. The trial court also noted that Scott's "prior history was … primarily related to drugs and alcohol and driving[,]" he had been involved with drugs and alcohol since he was thirteen, and he had been given access to various forms of treatment. Appellant's App. p. 179. The trial court advised Scott that he could appeal his sentence, had thirty days in which to file a notice of appeal or motion to correct error, and that the trial court would appoint an attorney if he could not afford one. Scott did not appeal his sentence.

On September 19, 2011, Scott filed a PCR petition. Scott alleged that he received

3

ineffective assistance of trial counsel and that the imposition of consecutive sentences for Counts I and II constituted fundamental error. During the hearing on Scott's PCR petition, Parent testified regarding the advice he had given Scott. Parent testified that he advised Scott that he would only be sentenced for Counts I and II and that the maximum sentence he could receive would be thirty years. On March 5, 2012, the post-conviction court granted the State partial summary judgment. On July 27, 2012, the post-conviction court denied Scott's PCR petition in full.

## DISCUSSION

### *PCR Standard of Review*

Our standard for reviewing the denial of a PCR petition is well-settled:

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court.… Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468, 469 (Ind. 2006) (internal citations and quotations omitted).

### I. Whether Scott's Sentence Constitutes Fundamental Error

Scott claims that his consecutive sentences constitute fundamental error. As the State points out, however, "[f]reestanding claims that the original trial court committed error are available only on direct appeal." *Martin v. State*, 760 N.E.2d 597, 599 (Ind. 2002). Scott

4

does not explain why this claim would not have been available on direct appeal, so, to the extent that he raises his challenge as a freestanding claim, he cannot advance it in this post-conviction proceeding.

## II. Whether Scott Received Effective Assistance of Trial Counsel

We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> [A] claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome."

*Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). Because an inability to satisfy either prong of this test is fatal to an ineffective assistance claim, this court need not even evaluate counsel's performance if the petitioner suffered no prejudice from that performance. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999). We conclude that Scott's trial counsel was ineffective for advising him that the maximum sentence he could receive was thirty years of incarceration.

In *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002), the Indiana Supreme Court held generally that the same harm cannot be used to elevate multiple convictions. *See Pierce*, 761 N.E.2d. at 830 ("[W]e have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson* [*v. State*, 717 N.E.2d 32 (Ind. 1999)]. Among

5

these is the doctrine that where a burglary conviction is elevated to a Class A felony based on the same bodily injury that forms the basis of a Class B robbery conviction, the two cannot stand."). The remedy for such a violation is to reduce one of the convictions to the highest level it can be without being enhanced by the same harm used to enhance another conviction. *See id*. ("Accordingly, the [Class B felony] robbery conviction is reduced to a C felony.").

*Carter v. State*, 424 N.E.2d 1047 (Ind. Ct. App. 1981), and *Dawson v. State*, 612 N.E.2d 580 (Ind. Ct. App. 1993), although decided before *Pierce*, are consistent with it. In those cases, this court addressed the question of whether one could be convicted of both operating a vehicle while intoxicated causing death ("OWI death") and reckless homicide in a case involving one death. In *Carter*, this court held that one could not be sentenced for both where there was one homicide. 424 N.E.2d at 1048. The *Dawson* court refined the *Carter* holding, concluding that the proper remedy in such cases (at least where there was no double jeopardy violation) was to reduce the OWI death conviction to mere OWI, thereby ensuring that Dawson was not being punished twice for the same death. 612 N.E.2d at 585.

We conclude that Scott's two convictions clearly fall within the general rule announced in *Pierce* and are analogous to the convictions addressed in *Dawson* and *Carter*. The fact of Mitchell's death was used to enhance both of Scott's convictions to Class B

6

felonies,[2] without which enhancement Scott's BAC conviction would have been a Class A misdemeanor and his resisting law enforcement conviction would have been a Class D felony.[3] Pursuant to *Pierce* and *Dawson*, we conclude that Scott's resisting law enforcement conviction would have had to have been reduced to a Class D felony to avoid punishing him twice for Mitchell's death, had Scott gone to trial. Therefore, the lengthiest sentence Scott could have received was twenty-three years. Scott's trial counsel's performance was deficient for failing to inform Scott of this and informing him, instead, that his maximum sentence could be thirty years.

We also conclude that Scott has established prejudice. In essence, Scott's trial counsel's failure to inform him of the correct maximum sentence rendered his plea unintelligent. In order to establish an ineffective assistance of trial counsel claim in a guilty plea context, the defendant "must show 'a reasonable probability that, but for counsel's

---

[2] "A person at least twenty-one (21) years of age who causes the death of another person when operating a vehicle … with an alcohol concentration equivalent to at least fifteen-hundredths … gram of alcohol per … one hundred (100) milliliters of the person's blood … commits a Class B felony." Ind. Code § 9-30-5-5(b) (2006).

> A person who knowingly or intentionally … flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop … commits resisting law enforcement, … [a] Class B felony if … the person operates a vehicle in a manner that causes the death of another person[.]

Ind. Code § 35-44-3-3 (2006) (currently Ind. Code § 35-44.1-3-1).

[3] *See* Ind. Code § 9-30-5-1 ("A person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per … one hundred (100) milliliters of the person's blood … commits a Class A misdemeanor."); Ind. Code § 35-44-3-3 (currently Ind. Ct. App. 35-44.1-3-1) ("A person who knowingly or intentionally … flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop[,] commits resisting law enforcement, a … Class D felony if … the person uses a vehicle to commit the offense[.]").

errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Smith v. State*, 565 N.E.2d 1114, 1117 (Ind. Ct. App. 1991) (quoting *Hill v. Lockhart*, 474 U.S. 52 (1985)), *trans. denied*. On this record, we believe that Scott has shown such a reasonable probability. We therefore conclude that Scott has established that he received ineffective assistance of trial counsel.

## CONCLUSION

We conclude that Scott received ineffective assistance of trial counsel.[4] Scott agrees that the relief to which he is entitled is a sentence reduction to no greater that twenty-three years of incarceration, the most that could legally have been imposed. Given the seriousness of Scott's offenses, his history of drug and alcohol abuse and related criminal convictions, and the fact that he has failed to take advantage of multiple treatment opportunities, we believe that a twenty-three year aggregate sentence is appropriate. Consequently, we remand with instructions to impose a sentence of twenty-three years, all executed.

We reverse the judgment of the post-conviction court and remand with instructions.

MATHIAS, J, and CRONE, J., concur.

---

[4] Scott also argues that his trial counsel was ineffective for failing to file a notice of appeal on his behalf. Because we conclude that Scott's trial counsel was ineffective in other respects, we need not address this claim.

8