## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Apr 20 2015, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne. Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachery A. Doan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 20, 2015 <br><br> Court of Appeals Case No. 02A03-1408-CR-302 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br> The Honorable Samuel R. Keirns, Magistrate <br><br> Cause No. 02D04-1403-FA-14 |

**Kirsch, Judge.**

Pursuant to an oral plea agreement, Zachery A. Doan was convicted of burglary[1] as a Class A felony and robbery[2] as a Class A felony. Doan now appeals, contending that the trial court violated the terms of his plea agreement when, at the time of sentencing, it reduced his burglary conviction from a Class A felony to a Class B felony and sentenced him to consecutive sentences.

We affirm.

## Facts and Procedural History

In March 2014, eighty-year-old N.B. answered a knock at her door to find her neighbor's nephew Doan standing there. At Doan's request, N.B. reluctantly allowed him to use her bathroom. As he left, Doan said that his car was out of gas. N.B. told Doan he could use the gas can in her garage, but a few minutes later Doan returned saying that the gas can was broken. When Doan asked to use her phone, N.B. refused to allow Doan inside. Doan pounded on N.B.'s front door and demanded that she give him a ride, but N.B. told Doan to go to his relative's house next door. Ultimately, Doan broke down N.B.'s back door, attacked her, and hit her repeatedly in the face. N.B. lost consciousness. Doan stole $100 in cash, N.B.'s cell phone, and her identification cards. As a result of

---

[1] *See* Ind. Code § 35-43-2-1. We note that, effective July 1, 2014, a new version of the criminal statutes at issue in this case were enacted. Because Doan committed his crimes prior to July 1, 2014, we will apply the statutes in effect at the time he committed his crimes.

[2] *See* Ind. Code § 35-42-5-1.

Doan's attack, N.B. suffered multiple fractures to her face, lost one eye completely, and lost vision in both of her eyes.

[4] Doan was charged with: Count I, burglary of a dwelling resulting in bodily injury as a Class A felony; Count II, robbery resulting in serious bodily injury as a Class A felony; and Count III, aggravated battery as a Class B felony. The same bodily injury to N.B. was used to enhance Counts I and II to Class A felonies. About two weeks before trial, the trial court held a guilty plea hearing and the following exchange occurred between the trial judge and Doan:

> Q. You're pleading guilty to two (2) class A felonies. The range of penalty is twenty (20) years to fifty (50) years. There is an advisory sentence of thirty (30) years, and a fine of up to ten thousand dollars ($10,000.00). Do you understand the range of the penalties and possible fines?
>
> A. Yes your honor.
>
> Q. Do you understand that if you have a prior conviction the prior conviction may increase the sentence or prevent the Court from suspending the sentence?
>
> A. Yes Your Honor.
>
> Q. Do you understand that I will decide whether the terms of prison shall be served concurrently or consecutively?
>
> A. Yes Your Honor.

*Guilty Plea Tr*. at 8. The State clarified that Doan was pleading guilty only to Counts I and II, "Your Honor, at sentencing the State will agree to dismiss Count III." *Id*. at 7.

[5] Doan pleaded guilty to Class A felony burglary and Class A felony robbery and a factual basis was established. *Guilty Plea Tr*. at 7. The trial court found that

Doan understood the nature of the charges against him and the possible sentences and fines thereon, and accepted Doan's guilty plea.[3] *Id.* at 13. At the request of the State, and in recognition that the double enhancement created a double jeopardy concern, the trial court reduced Doan's Class A felony burglary conviction to a Class B felony conviction and sentenced him to twenty years for Class B felony burglary and fifty years for Class A felony robbery. The trial court ordered the sentences to run consecutive to each other for an aggregate executed sentence of seventy years. Doan was also ordered to pay restitution in the amount of $21,470.00. As promised in the plea agreement, the trial court granted the State's motion to dismiss Count III. *Sentencing Tr.* at 40. Doan now appeals.

## Discussion and Decision

[6] Doan contends that the trial court violated the terms of his plea agreement when, at the time of sentencing, it impermissibly reduced his burglary conviction from a Class A felony to a Class B felony, and ordered that his sentences run consecutive to each other.[4] Doan is not appealing the

---

[3] The trial court did not order the presentence investigation report until after it had accepted Doan's guilty plea. *Guilty Plea Tr.* at 13. We remind the trial court that "[i]n accepting a felony guilty plea[,] the preferred procedure is to defer acceptance of a guilty plea and plea agreement and entry of judgment until the court has had the opportunity to review the presentence report." *Benson v. State*, 780 N.E.2d 413, 420 n.5 (Ind. Ct. App. 2002), *trans. denied*; *see Malenchik v. State*, 928 N.E.2d 564, 568 (Ind. 2010) (for all felonies, except Class D felonies, trial court may not accept defendant's guilty plea or sentence defendant until it considers written pre-sentence report prepared by probation officer).

[4] Doan's plea agreement was not in writing; instead, it was orally entered into the record during the guilty plea hearing. We note that, while a plea agreement in a misdemeanor case may be submitted orally to the court, "[n]o plea agreement may be made by the prosecuting attorney to a court on a felony charge except: (1) in writing; and (2) before the defendant enters a plea of guilty." Ind. Code § 35-35-3-3. Doan made no

appropriateness of his sentence under Trial Rule 7(B). Instead, he contends that it was error for the trial court to reduce his Class A felony conviction in order to remedy any double jeopardy violation, thereby allowing the trial court to order Doan's sentences to run consecutive to each other.

[7] We first note that Doan may have waived this issue. During the sentencing hearing, the State requested that Count I be reduced to a Class B felony burglary conviction to remove the element of the underlying injury and, thus, remove a double jeopardy violation. The trial court asked defense counsel if he had any response. Instead of addressing the specific issue of the reduction of the felony conviction, defense counsel merely argued that Doan's sentences should run concurrently because the two events constituted "one continuous act." *Sentencing Tr*. at 31. Because the State does not contend that Doan has waived his right to contest the trial court's act of modifying the plea agreement to reduce the "A" felony conviction to a "B" felony conviction, we address Doan's argument.[5]

---

objection to the form of the plea agreement, and the trial court accepted Doan's oral plea. While the nature of Doan's plea has no impact on the resolution of the issue before us, we emphasize the need for plea agreements on felony charges to be in writing.

[5] Citing to *Mapp v. State*, the State notes that Doan has waived his right to challenge his plea on the grounds that it constitutes a double jeopardy violation. 770 N.E.2d 332, 334 (Ind. 2002) (holding defendant waived right to challenge plea agreement on double jeopardy grounds and there is no exception even for "facially duplicative" charges). While we agree with this statement, we note that Doan is not directly challenging his guilty plea; instead he is challenging the trial court's act of modifying his plea agreement to reduce his burglary conviction from a Class A felony to a Class B felony.

[8] "Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State." *Grider v. State*, 976 N.E.2d 783, 785 (Ind. Ct. App. 2012) (citing *Lee v. State,* 816 N.E.2d 35, 38 (Ind. 2004)).

> A plea agreement is contractual in nature, binding the defendant, the [S]tate, and the trial court. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: If the court accepts the plea agreement, it shall be bound by its terms.

*Id*. at 785-86 (quoting *Lee*, 816 N.E.2d at 38 (citation omitted)). Accordingly, "we will look to principles of contract law when construing plea agreements to determine what is reasonably due to the defendant." *Id*. at 786. The primary goal of contract interpretation is to give effect to the parties' intent. *Id*. (citing *Griffin v. State*, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001), *trans. denied*).

[9] During the guilty plea hearing, the trial court confirmed with Doan that he was not under the influence of drugs or alcohol, that he knew his rights and the rights he was giving up by pleading guilty, and that he had not been forced or threatened to plead guilty. *Guilty Plea Tr*. at 5-6, 9. The trial court then confirmed with Doan that he understood: (1) the State would dismiss Count III at sentencing; (2) he was pleading guilty to two Class A felonies, with the range of sentencing for each being twenty years to fifty years; (3) the trial court would decide whether the prison sentences would be served concurrently or consecutively; and (4) if Doan had a prior conviction, it could increase the sentence or prevent the court from suspending the sentence. *Id*. at 8.

[10]　As the hearing continued, the trial court clarified that Doan was pleading guilty to knowingly or intentionally breaking and entering the dwelling of N.B. with intent to commit the felony of theft therein, and that said act resulted in serious bodily injury to N.B. *Id*. at 7. Additionally, Doan was pleading guilty to knowingly or intentionally taking property from the presence of N.B. by using or threatening the use of force or by putting N.B. in fear, and that said act resulted in serious bodily injury to N.B. *Id*. The trial court accepted Doan's plea of guilty to both Class A felony burglary and Class A felony robbery. *Id*. at 13.

[11]　On appeal, Doan does not deny that he committed the offenses to which he pleaded guilty. In fact, Doan's guilty plea was a confession of guilt regarding all the incriminating facts alleged. *See McWhorter v. State*, 945 N.E.2d 1271, 1273 (Ind. Ct. App. 2011) ("A valid guilty plea is a confession of guilt made directly to a judicial officer and necessarily admits the incriminating facts alleged."), *trans. denied*. Instead, Doan maintains that "the State at some point in time, realized the dilemma posed by the plea agreement," and that "[i]n an effort to resolve this dilemma, the State, at sentencing asked the Court to change the conviction for Burglary from an 'A' felony to a 'B' felony to avoid the obvious problem." *Appellant's Br.* at 6. Doan maintains that by conceding to the State's request, the trial court removed the double jeopardy violation, and subjected Doan to the maximum sentence. *Id*.

[12]　By arguing that the trial court's "modification" subjected him to the maximum sentence, Doan suggests that he consciously decided to plead guilty to two

crimes that were enhanced to Class A felonies on the basis of the same underlying injury, knowing that the trial court could not order these sentences to run consecutively. Therefore, when the trial court reduced the Class A felony burglary to Class B felony burglary, Doan was deprived of the benefit of his plea bargain. We remind Doan that in his plea agreement, he granted the trial court the discretion to sentence him to the maximum sentence allowed. The trial court's imposition of the maximum sentence allowed did not deny Doan the "benefit" of his plea agreement.

[13] As Doan correctly notes, once a court accepts a plea agreement, the court is bound by the terms of the agreement. Ind. Code § 35-35-3-3(e); *Ennis v. State*, 806 N.E .2d 804, 809 (Ind. Ct. App. 2004) (citing *Bennett v. State*, 802 N .E.2d 919, 921-22 (Ind. 2004)). "By the same token, it is also the general, if not unanimous, rule that a trial court has the power to vacate an illegal sentence and impose a proper one, even if doing so results in an increased sentence after the erroneous sentence has been partially executed and regardless of whether the sentencing error occurred following a trial or a guilty plea." *Id*. (internal quotation marks omitted). Although Doan pleaded guilty to two Class A felonies, the trial court was still obligated to impose a sentence that did not punish Doan twice for the injury sustained by N.B.

[14] Our court's opinion in *Scott v. State*, 986 N.E.2d 292 (Ind. Ct. App. 2013) informs our decision.

> [T]he State charged Scott with Count I, Class B felony operating a
> vehicle with a BAC of at least 0.18 g/dl causing death; Count II, Class

B felony resisting law enforcement causing death; Count III, Class C felony reckless homicide; and Count IV, Class C felony criminal recklessness. On August 21, 2007, Bruce Parent entered his appearance as Scott's trial counsel. . . . Scott pled guilty to all counts without benefit of a plea agreement.

On May 9, 2008, the trial court accepted Scott's pleas to Counts I and II but not for Counts III and IV, finding that Counts III and IV were subsumed into Counts I and II. The trial court sentenced Scott to fifteen years of incarceration each for Counts I and II, the sentences to be served consecutively . . . . Scott did not appeal his sentence.

On September 19, 2011, Scott filed a PCR petition [alleging] that he received ineffective assistance of trial counsel and that the imposition of consecutive sentences for Counts I and II constituted fundamental error. During the hearing on Scott's PCR petition, Parent testified regarding the advice he had given Scott. Parent testified that he advised Scott that he would only be sentenced for Counts I and II and that the maximum sentence he could receive would be thirty years.

*Scott*, 986 N.E.2d at 293-94. The post-conviction court denied Scott's PCR petition.

[15] On appeal, this court found that Scott's trial counsel was ineffective when he advised Scott, in connection with his plea agreement, that the maximum sentence Scott could receive was thirty years. The court reasoned as follows:

> In *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002), the Indiana Supreme Court held generally that the same harm cannot be used to elevate multiple convictions. *See Pierce*, 761 N.E.2d. at 830 ("[W]e have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson [v. State*, 717 N.E.2d 32 (Ind. 1999)]. Among these is the doctrine that where a burglary conviction is elevated to a Class A felony based on the same bodily injury that forms the basis of a Class B robbery conviction, the two cannot stand."). The remedy for such a violation is to reduce one of the convictions to the highest level it can be without being enhanced by the same harm used to enhance another conviction. *See id*. . . .

*Carter v. State*, 424 N.E.2d 1047 (Ind. Ct. App. 1981), and *Dawson v. State*, 612 N.E.2d 580 (Ind. Ct. App. 1993), although decided before *Pierce*, are consistent with it. In those cases, this court addressed the question of whether one could be convicted of both operating a vehicle while intoxicated causing death ("OWI death") and reckless homicide in a case involving one death. In *Carter*, this court held that one could not be sentenced for both where there was one homicide. 424 N.E.2d at 1048. The *Dawson* court refined the *Carter* holding, concluding that the proper remedy in such cases (at least where there was no double jeopardy violation) was to reduce the OWI death conviction to mere OWI, thereby ensuring that Dawson was not being punished twice for the same death. 612 N.E.2d at 585.

We conclude that Scott's two convictions clearly fall within the general rule announced in *Pierce* and are analogous to the convictions addressed in *Dawson* and *Carter*. The fact of Mitchell's death was used to enhance both of Scott's convictions to Class B felonies, without which enhancement Scott's BAC conviction would have been a Class A misdemeanor and his resisting law enforcement conviction would have been a Class D felony. Pursuant to *Pierce* and *Dawson*, we conclude that Scott's resisting law enforcement conviction would have had to have been reduced to a Class D felony to avoid punishing him twice for Mitchell's death, had Scott gone to trial. Therefore, the lengthiest sentence Scott could have received was twenty-three years. Scott's trial counsel's performance was deficient for failing to inform Scott of this and informing him, instead, that his maximum sentence could be thirty years.

*Scott*, 986 N.E.2d 295-96.

[16] Each of Doan's crimes includes evidence or facts not essential to the other. Doan's admission that he broke and entered the dwelling of N.B. with intent to commit a felony therein supports burglary and his admission that took N.B.'s money, cell phone, and identification cards by putting her in fear supports the robbery. Doan conceded that each of these crimes constituted Class A felonies. N.B.'s serious bodily injury, however, can only support one enhancement.

[17] Here, Doan's convictions clearly fall within the general rule discussed in *Scott* and *Pierce*. "The remedy for such a violation is to reduce one of the convictions to the highest level it can be without being enhanced by the same harm used to enhance another conviction." *Scott*, 986 N.E.2d at 295. The fact of N.B.'s bodily injury was used to enhance both his burglary and his robbery convictions, without which the highest level of Doan's burglary of N.B.'s dwelling would have been a Class B felony and the highest level of his robbery would have been a Class C felony. Pursuant to *Scott* and *Pierce*, by keeping robbery as a Class A felony, on the basis of injuries sustained to N.B., the trial court would have had to sentence Doan for Class B felony burglary to avoid punishing him twice for N.B.'s serious bodily injury, as it would have done had Doan gone to trial. Therefore, the lengthiest sentence Doan could have received for his Class B felony burglary and his Class A felony robbery were consecutive sentences of twenty years and fifty years, respectively, for an aggregate of seventy years. Accordingly, the trial court did not violate the terms of Doan's plea agreement when it sentenced Doan in a manner so as to avoid punishing him twice for N.B.'s injury.

[18] Affirmed.

Vaidik, C.J., and Bradford, J., concur.