## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Anne C. Kaiser
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Javier Morales, Jr.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | December 31, 2015<br><br>Court of Appeals Case No.<br>48A02-1506-PC-596<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Carol J. Orbison, Sr. Judge<br><br>Trial Court Cause No.<br>48C01-1209-PC-30 |

**May, Judge.**

[1] Javier Morales appeals the denial of his petition for post-conviction relief. As he has not established his counsel was ineffective or that his guilty plea was not knowing and voluntary, we affirm.

## Facts and Procedural History

[2] In 2009, Morales was charged with Class A felony child molesting[1] and Class B felony rape.[2] He agreed to plead guilty to child molesting. In exchange the State dropped the rape charge and agreed to a thirty-year sentence with ten years suspended. The court accepted that plea and entered judgment.

[3] About five years later Morales petitioned for post-conviction relief, alleging he accepted the plea agreement because his trial counsel told him he would be subject to a maximum sentence of seventy years in prison if he went to trial and Morales "was going to lose at trial because of my race, being Hispanic." (Tr. at 42.) Morales' trial counsel believed the trial judge "tended to be . . . a harsh sentencer [sic] with child molestation."[3] (*Id*. at 25.)

---

[1] Ind. Code § 35-42-4-3.

[2] Ind. Code § 35-42-4-1.

[3] We note that on at least two occasions, our Indiana Supreme Court reversed child molesting convictions entered by that same judge because the judge's comments and rulings indicated he was not impartial. *See Everling v. State*, 929 N.E.2d 1281, 1291 (Ind. 2010) (The "cumulative result of Judge Spencer's comments, exclusions, and general demeanor toward the defense was a trial below the standard towards which Indiana strives."); *Abernathy v. State*, 524 N.E.2d 12, 15 (Ind. 1988) ("By suggesting he disbelieved the witnesses, the judge necessarily indicated his disbelief of Abernathy's defense. His opinion of any exculpatory evidence was readily apparent to the jury. Because of the deference which juries accord the judge's opinions, this lack of neutrality was detrimental to Abernathy's defense.").

Trial counsel testified he never told Morales he was facing seventy years, as counsel knew such a sentence would have subjected Morales to double jeopardy. A handwritten annotation on the charging document indicates "seventy over thirty-five," which Morales' counsel testified meant "he was potentially facing seventy years where he would serve thirty-five." (*Id*. at 18.) Counsel testified he would typically draw up for his clients "the most extreme that – what potentially could happen, possibly, or the absolute minimum, meaning a dismissal." (*Id.*) Counsel testified he did not recall whether he told Morales he could not be sentenced on both charges, but as noted above he also testified he never told Morales he was "facing seventy years." (*Id*. at 35.)

## Discussion and Decision

In reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting its judgment. *Carrillo v. State*, 982 N.E.2d 468, 471-72 (Ind. Ct. App. 2013). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id*. at 472. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*.

The post-conviction court entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be

disturbed as being contrary to law. *Id*. We accept findings of fact unless they are clearly erroneous, but we afford no deference to conclusions of law. *Springer v. State*, 952 N.E.2d 799, 803 (Ind. Ct. App. 2011), *trans. denied*.

### *Effectiveness of Counsel*

[7] The post-conviction court did not err in finding Morales had not proven his trial counsel was ineffective. The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. *Id*. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate counsel's performance was deficient and he was prejudiced by the deficient performance. *Id*. Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id*. Counsel's performance is presumed effective, and a petitioner must offer strong and convincing evidence to overcome that presumption. *Id*.

[8] Prejudice results where there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. A petitioner must satisfy both prongs or his claim will fail. *Id*. We cannot find counsel's performance prejudiced Morales or counsel's performance was deficient.

[9] To state a claim for post-conviction relief premised on erroneous advice about a guilty plea, a petitioner may not simply allege that a plea would not have been entered. *Segura v. State*, 749 N.E.2d 496, 507 (Ind. 2001). Nor is the

petitioner's conclusory testimony to that effect sufficient to prove prejudice. *Id*. A petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that there is a reasonable probability that, but for counsel's errors, he would not have agreed to plead guilty and would have insisted on going to trial. *Id*.

[10] Morales argues counsel "performed deficiently when he told Morales he faced a maximum sentence of seventy years." (Br. of Petitioner-Appellant at 9.) Morales notes double jeopardy principles would have prevented a conviction of both child molesting and rape. We cannot find deficient performance on that ground. The post-conviction court heard testimony counsel informed all his clients of "the most extreme that – what potentially could happen, possibly, or the absolute minimum, meaning a dismissal." (Tr. at 18.) But counsel testified he did not tell Morales he faced seventy years. We acknowledge Morales testified to the contrary, but we cannot reweigh that testimony or rejudge the credibility of the witnesses.

[11] Nor do we believe a handwritten notation "seventy over thirty-five," (*id*. at 18), without more, amounts to "an objectively credible factual and legal basis from which it may be concluded that there is a reasonable probability that, but for counsel's errors, he would not have agreed to plead guilty and would have insisted on going to trial," as required by *Segura*, 749 N.E.2d at 507. We therefore cannot find Morales' counsel was ineffective on the ground counsel misadvised him of penal consequences.

[12] Nor can we find Morales' counsel ineffective because he advised Morales his trial judge sentenced child molesters harshly and had "very little, uh like for Hispanics," (Tr. at 26), and there would likely be no Hispanics on Morales' jury. Neither party directs us to Indiana precedent addressing such a statement in this context, but the Kentucky Supreme Court recently addressed similar statements in *Edmonds v. Com.*, 189 S.W.3d 558, 570 (Ky. 2006).

[13] Edmonds sought to withdraw his guilty plea on the ground it was involuntary because "his attorney told him in a letter that he would be tried by an all white, female jury, and that such a jury would inevitably convict him." *Id.* at 569. Counsel testified it was his experience that

> the vast majority of my cases with black defendants have been with an all white jury . . . and I told my client he would be tried by a predominantly white jury. . . . I projected that white female jurors will be uncomfortable talking about rape and anal intercourse. I don't know that men will be more than women, but my sense was that women would be. And those are the remarks I made, and if they are false or misleading, I take full responsibility for it.

*Id.* at 570.

[14] The *Edmonds* Court determined statements by a defense attorney, based on his experience, that a criminal defendant faces the prospect of being tried by a jury devoid of members of that defendant's race are not misleading or inaccurate. *Id.* We believe the *Edmonds* reasoning is instructive, and we decline to find the post-conviction court erred when it determined Morales' counsel was not

ineffective for expressing concerns about difficulties Morales might face if he went to a jury trial before Judge Spencer. *See supra* n.3.

### *Validity of Plea*

[15] Nor do we find error in the post-conviction court's determination Morales' guilty plea was knowing and voluntary. In assessing voluntariness of a plea, we review all the evidence before the court that heard the post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. *Id.*

[16] A court accepting a guilty plea must determine that the defendant: (1) understands the nature of the charges; (2) has been informed that a guilty plea effectively waives several constitutional rights, including trial by jury, confrontation of witnesses, compulsory process, and proof of guilt beyond a reasonable doubt without self-incrimination; and (3) has been informed of the maximum and minimum sentences for the crime charged. *State v. Moore*, 678 N.E.2d 1258, 1265 (Ind. 1997), *reh'g denied*, *cert. denied sub nom. Moore v. Indiana*, 523 U.S. 1079 (1998). Any variance from those requirements that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty. *Id.* (citing Ind. Code § 35-35-1-2(c)). A plea entered after the trial judge has reviewed the various rights a defendant is waiving and made the inquiries called for in the statute is unlikely to be found wanting in a collateral attack. *Id.* But defendants who can show they were coerced or misled into

pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief. *Id.* at 1266.

[17] Morales directs us to *Scott v. State*, 986 N.E.2d 292, 296 (Ind. Ct. App. 2013), in support of the premise "counsel's failure to inform him of the correct maximum sentence rendered his plea unintelligent." (Br. of Petitioner-Appellant at 15.) *Scott* is distinguishable. There, Scott pled guilty to all counts, but without a plea agreement. Scott's counsel had affirmatively told Scott his maximum sentence would be thirty years. In fact, the lengthiest sentence Scott could have received was twenty-three years. "Scott's trial counsel's performance was deficient for failing to inform Scott of this and informing him, instead, that his maximum sentence could be thirty years." 986 N.E.2d at 296. Counsel's failure to inform Scott of the correct maximum sentence rendered his plea unintelligent. *Id.* We noted that to establish ineffective assistance of trial counsel in a guilty plea context, the defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* Scott did not show such a reasonable probability. *Id.*

[18] Morales, by contrast, had a plea agreement and his counsel did not give Morales incorrect information about what his sentence might be. "Whether viewed as ineffective assistance of counsel or an involuntary plea, the post-conviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and post-conviction relief may be granted if the plea can be shown to have been influenced by counsel's error." *Segura*, 749 N.E.2d at 504-05. As explained above, we cannot find counsel incorrectly

advised Morales he was facing seventy years, and the post-conviction court therefore did not err in finding Morales had not established that counsel's advice as to penal consequences was material to his decision to accept the State's plea offer.

[19] Nor can we find the plea involuntary by virtue of counsel's advisement to Morales that the trial judge might sentence him harshly or that there would likely be no Hispanics on the jury:

> Reasonable forecasts by defense counsel regarding a defendant's fate or likelihood of success at trial do not render a plea involuntary simply because the prediction is unwelcome or undesirable. Concern over the prospect of being tried by a jury with a racial composition permitted by the Constitution cannot render a subsequent guilty plea constitutionally invalid for want of voluntariness.

*Edmonds*, 189 S.W.3d at 570.

## Conclusion

[20] The evidence supports the court's finding counsel did not erroneously tell Morales he faced a seventy-year sentence, and counsel's statements that Morales might face certain biases if he went to trial did not render his guilty plea involuntary. We therefore cannot find the denial of his petition for post-conviction relief was error, and we affirm.

[21] Affirmed.

Najam, J., and Riley, J., concur.