# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 06 2016, 6:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Johnny W. Ulmer
Bristol, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jairo Armas, | July 6, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 79A02-1508-PC-1315 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, | The Honorable Randy J. Williams, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 79D01-1302-PC-4 and 79D01-0610-FA-19 |

**Altice, Judge.**

**Case Summary**

Jairo Armas appeals from the denial of his petition for post-conviction relief (PCR). On appeal, he raises two arguments, which we restate as follows:

1. Is Armas's search-and-seizure argument available as a free-standing claim?

2. Was Armas's trial counsel ineffective?

We affirm.

## Facts & Procedural History[1]

On October 17, 2006, Officer Joseph Clyde of the Lafayette Police Department was dispatched to a residence in response to a call regarding an attempted residential entry. Upon arriving at the scene, Officer Clyde found a man, later identified as Armas, standing in the yard. Armas told the officer that he was at the house because the resident owed him money. Officer Clyde then spoke with the resident, Cassandra Fordice. Fordice explained that she had called the

---

[1] We remind appellant's counsel of his duty under the Indiana Appellate Rules to state the facts in accordance with the standard of review—i.e., the facts most favorable to the post-conviction court's judgment. Ind. Appellate Rule 46(A)(6) (providing that a statement of facts "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed"); *West v. State*, 938 N.E.2d 305, 309 (Ind. Ct. App. 2010) ("[w]e consider only the probative evidence and reasonable inferences therefrom that support the post-conviction court's determination, and we will not reweigh the evidence or judge witness credibility"), *trans. denied*. Armas's counsel repeatedly cites to Armas's testimony, which is in direct conflict with the testimony of other witnesses and the post-conviction court's findings and judgment. We also remind counsel that App. R. 46(A)(6)(c) provides that the Statement of Facts "shall be in narrative form and shall not be a witness by witness summary of the testimony." Armas's Statement of Facts consists almost entirely of verbatim reproductions of long passages from the transcript of the post-conviction hearing. Indeed, excerpts from the transcript comprise over twenty pages of Armas's thirty-page appellant's brief. These deficiencies have made Armas's Statement of Facts utterly unhelpful to our review of his appellate claims.

police because Armas was pounding on her door. She further stated that Armas was her drug dealer and that the vehicle parked in her driveway belonged to him. She also told Officer Clyde that she believed that Armas had drugs on him at that time.

[4] Officer Clyde then spoke with Armas again and asked for permission to search the vehicle. Armas agreed to allow Officer Clyde to search the vehicle and gave him the keys. Officer Clyde then proceeded to conduct the search, and he discovered a black nylon zippered bag in the driver's side door compartment. The bag contained multiple baggies of cocaine and a larger bag of marijuana. There were also a number of cards with Armas's telephone number written on them in the bag.

[5] As a result of these events, the State charged Armas with Count I, class A felony dealing in cocaine; Count II, class A felony possession of cocaine; Count III, class A misdemeanor possession of marijuana, and Count IV, class D felony maintaining a common nuisance. Armas ultimately pled guilty to class A felony dealing in cocaine pursuant to a plea agreement, the terms of which placed a twenty-five year cap on the executed portion of his sentence. The trial court sentenced Armas to twenty-five years executed, and this court affirmed Armas's sentence on direct appeal.

[6] Armas filed a PCR petition on February 28, 2013, which was subsequently amended. A hearing on the petition was conducted on April 20, 2015. On July

31, 2015, the trial court issued its order denying the petition. Armas now appeals.

**Discussion & Decision**

Before turning to the merits of this appeal, we note that Armas has wholly failed to cite the standard of review applicable to appeals from the denial of post-conviction relief. *See* App. R. 46(A)(8)(b) (providing that "[t]he argument must include for each issue a concise statement of the applicable standard of review"). Moreover, Armas's appellate arguments are poorly developed and inadequately supported by citation to relevant authority and portions of the record. *See* App. R. 46(A)(8)(a) (providing that "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and that the contentions "must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"). Indeed, Armas has devoted only three pages of his thirty-page brief to the Summary of Argument and Argument sections of his brief. His Summary of Argument section is two sentences long, and simply states that the trial court erred in denying his PCR petition and that this court should therefore reverse. *See* App. R. 46(A)(7) (providing that the Summary of Argument section "should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief" and "should not be a mere repetition of the argument headings"). The majority of the Argument section is composed of recitations of various legal standards. We are left with roughly two and a half paragraphs of analysis, composed almost entirely of conclusory assertions that the previously

cited legal standards have been satisfied.  In light of the numerous deficiencies in Armas's briefing, we would be well within our discretion to consider his arguments waived.  *See Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005) (explaining that "[a] party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record"), *trans. denied*.  However, because we prefer to decide cases on their merits where possible, we will address Armas's arguments to the extent his briefing allows.

[8]    In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence.  *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013).  "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment."  *Id.* (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)).  In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion.  *Id.*  Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made."  *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

### 1.  Free-standing Search-and-Seizure Claim

[9]     Armas first raises a free-standing search-and-seizure claim. Specifically, he argues that he was subjected to an unconstitutional search and seizure when police allegedly prevented him from leaving and searched his vehicle. Because Armas pled guilty, however, he has waived his right to challenge the propriety of the search as a free-standing claim. Our Supreme Court has noted that "[d]efendants who plead guilty to achieve favorable outcomes forfeit a plethora of substantive claims and procedural rights." *Alvey v. State*, 911 N.E.2d 1248, 1250-51 (Ind. 2009). Defendants may not simultaneously plead guilty and challenge the evidence supporting the underlying conviction. *Id.* at 1249. Accordingly, "[w]hen a judgment of conviction upon a guilty plea becomes final and the defendant seeks to reopen the proceedings, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary." *Id.*; *Branham v. State*, 813 N.E.2d 809, 812 (Ind. Ct. App. 2004) (noting that a defendant cannot question pre-trial orders following the entry of a guilty plea); *Neville v. State*, 663 N.E.2d 169, 172 (Ind. Ct. App. 1996) (holding that a post-conviction challenge to the trial court's ruling on a motion to suppress was "foreclosed by the decision to plead guilty"). Accordingly, Armas forfeited any free-standing challenge to the propriety of the search by pleading guilty. Armas makes no argument that his guilty plea was not knowing, intelligent, and voluntary, nor does he challenge the factual basis supporting the plea. Thus, the only avenue remaining to Armas to challenge his guilty plea is his claim of ineffective assistance of trial counsel, which we address below.

## 2. Ineffective Assistance of Counsel

[10]    Essentially, Armas argues that his trial counsel was ineffective for advising him to accept the plea agreement without first challenging the admissibility of the evidence seized from his car through a motion to suppress. A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea*, 983 N.E.2d at 1138. To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 1139. In the context of a guilty plea, this requires the petitioner to establish a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have instead insisted on going to trial. *Scott v. State*, 986 N.E.2d 292, 296 (Ind. Ct. App. 2013). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Failure to satisfy either element will cause an ineffectiveness claim to fail. *Carrillo v. State*, 98 N.E.2d 461, 464 (Ind. Ct. App. 2013). Thus, if a petitioner cannot establish prejudice, we need not evaluate the reasonableness of counsel's performance. *Id.*

[11]     Armas argues that his counsel was ineffective for failing to file a motion to suppress the drugs discovered as a result of the search of his vehicle. It is apparent, however, that trial counsel made a strategic decision not to file such a motion. At the PCR hearing, trial counsel testified as follows:

> I did not file a motion to suppress. Certainly it was considered but I believed the problem was that he consented to the search. Sometimes that's hard to get over and then if you do file a motion to suppress and you lose typically you don't get favorable plea agreements.

*Transcript* at 95. Armas cannot establish deficient performance based on such reasonable tactical decisions. *See Morales v. State*, 19 N.E.3d 292, 297 (Ind. Ct. App. 2014) (explaining that "trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness"), *trans. denied.*

[12]     Moreover, the facts most favorable to the post-conviction court's judgment support its conclusion that a motion to suppress, if filed, would have been denied because Armas consented to the search. *See State v. Cunningham*, 26 N.E.3d 21, 25 (Ind. 2015) (explaining that a warrantless search based on lawful consent is consistent with both the state and federal constitutions). Trial counsel will not be deemed deficient for failing to present a meritless claim. *Peak v. State*, 26 N.E.3d 1010, 1016 (Ind. Ct. App. 2015). For all of these reasons, Armas has not established that his trial counsel was ineffective.

[13]     Judgment affirmed.

[14]     Bailey, J. and Bradford, J., concur.