# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Oct 24 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LESLIE ANN GRIDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1112-CR-1156 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48D03-1003-FC-97, 48D03-1002-FC-73 and 48D03-1002-FD-74

**October 24, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Leslie Grider appeals her sentence following her convictions, in three separate causes, for two counts of forgery, Class C felonies; four counts of theft, as Class D felonies; and two counts of check fraud, as Class D felonies; pursuant to a plea agreement. Grider raises a single issue for our review, namely, whether the trial court erred when it imposed a sentence that violates the terms of her plea agreement.

We reverse and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

In 2010, the State charged Grider, under three separate cause numbers, with two counts of forgery, Class C felonies; four counts of theft, as Class D felonies; and two counts of check fraud, as Class D felonies. On June 2, 2010, Grider filed her written plea agreement with the trial court wherein she pleaded guilty as charged. The plea agreement provided in relevant part that her sentence would "be open to the Court with all counts to run concurrently." Appellant's App. at 29. At the sentencing hearing, Grider requested that she be given an opportunity to participate in Drug Court. The trial court agreed and ordered that she be evaluated for placement in the Drug Court program prior to sentencing.

On May 18, 2011, Grider began participating in the Drug Court program. But on September 14, she was terminated from the program for absconding. Accordingly the trial court held another sentencing hearing on October 31. At that hearing, the trial court rejected Grider's plea agreement and ordered a jury trial. But the State then moved to set aside that order and asked the trial court to reinstate the plea agreement, which the court

2

did.[1]  At sentencing on November 14, the trial court imposed sentence as follows:  in Cause FC-073, eight years for forgery, a Class C felony; and three years each on the remaining counts; all sentences to run concurrently, for an aggregate term of eight years. In Cause FD-074, the trial court imposed three years for theft, as a Class D felony, to be served consecutive to the sentences imposed in Cause FC-073 and Cause FB-77.[2]  And in Cause FC-97, the trial court imposed eight years for forgery, a Class C felony, and three years for theft, as a Class D felony, with those sentences to run concurrently, for an aggregate term of eight years.  In addition, the trial court ordered that the sentence in Cause FC-97 run consecutive to the sentences in Cause FC-073, FD-074, and FB-77. Thus, the trial court imposed an aggregate term for all causes of nineteen years.  This appeal ensued.

## DISCUSSION AND DECISION

Grider contends that the trial court violated the terms of her plea agreement when it imposed consecutive sentences.  Our courts have long held that plea agreements are in the nature of contracts entered into between the defendant and the State.  Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004).  That is:

> [a] plea agreement is contractual in nature, binding the defendant, the [S]tate, and the trial court.  The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute:  If the court accepts the plea agreement, it shall be bound by its terms.

---

[1]  On appeal, Grider suggests that the record may be unclear whether the trial court reinstated the plea agreement, but the State asserts, and the record indicates, that the trial court did accept and reinstate the plea agreement prior to sentencing Grider.

[2]  Cause FB-77 refers to Grider's convictions for burglary and theft in January 2003.

Id. (citing Pannarale v. State, 638 N.E.2d 1247, 1248 (Ind. 1994)).  As such, we will look to principles of contract law when construing plea agreements to determine what is reasonably due to the defendant.  See id.

The primary goal of contract interpretation is to give effect to the parties' intent. Griffin v. State, 756 N.E.2d 572, 574 (Ind. Ct. App. 2001), trans. denied.  When the terms of a contract are clear and unambiguous, they are conclusive of that intent, and the court will not construe the contract or look to extrinsic evidence.  Id.  Rather, we will merely apply the contractual provisions.  Id.  Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms.  Id.  Instead, ambiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction.  Id.  We construe any contract ambiguity against the party who drafted it, which, in the case of plea agreements, is the State.  See, e.g., Time Warner Entm't Co. v. Whiteman, 802 N.E.2d 886, 894 (Ind. 2004).

Here, Grider pleaded guilty as charged under three separate cause numbers in a single plea agreement.  The provision relevant to sentencing states as follows:  "The sentence shall be open to the Court with all counts to run concurrently."  Appellant's App. at 29.  Grider interprets that language to mean that the sentences for each of the counts to which she pleaded guilty would run concurrently.  But the State argues, and the trial court agreed, that the provision means that while the individual counts were to run concurrently, there was "no barrier to the trial court exercising its discretion and ordering the sentences in the three causes from running consecutively."  Brief of Appellee at 7. We must agree with Grider.

4

Again, the plea agreement encompasses all counts and all three cause numbers. The plain meaning of the language "all counts to run concurrently," absent any qualifying language, is that all of the counts that are included in the plea agreement are to run concurrently. Appellant's App. at 29. Indeed, the plea agreement refers to "the sentence" and not "the sentences," which clearly contemplates a single sentence for all three cause numbers and all counts. Id. We hold that the sentencing provision in the plea agreement is not ambiguous and that the plain meaning of the language indicates the parties' intention that the trial court would impose concurrent sentences on all counts regardless of the separate cause numbers.

Further, even if the provision were ambiguous, any ambiguity is resolved in favor of the defendant. Rather than relying on extrinsic evidence, as the State would have us do, the better rule is to strictly construe the plea agreement against its drafter, the State. See, e.g., Time Warner, 802 N.E.2d at 894 ("we construe any contract ambiguity against the party who drafted it."). As the United States Court of Appeals for the Third Circuit succinctly and persuasively stated: "In view of the government's tremendous bargaining power, we will strictly construe the text against it when it has drafted the agreement." United States v. Baird, 218 F.3d 221, 229 (3d Cir. 2000), cert. denied, 522 U.S. 898. Thus, if we were to assume that Grider's plea agreement is ambiguous, we must construe the term "all counts to run concurrently" to mean that the sentences under each cause number cannot run consecutively. See Appellant's App. at 29. Hence, the trial court erred when it sentenced Grider to nineteen years. We reverse and remand and instruct the

trial court to impose concurrent sentences for all counts and all cause numbers, for a total aggregate term of eight years, executed.

Reversed and remanded with instructions.

KIRSCH, J., and MAY, J., concur.