## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 22 2017, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Latosha Price,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 22, 2017

Court of Appeals Case No.
49A02-1609-CR-2010

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge

Trial Court Cause No.
49G08-1507-CM-24698

**Mathias, Judge.**

[1] Latosha Price ("Price") pleaded guilty in Marion Superior Court to Class B misdemeanor leaving the scene of an accident. Price's plea agreement provided

that she would pay restitution to Jermane Douthit ("Douthit") in an amount "TBD." The trial court later determined that amount to be just short of $1,100. Price now denies that she owes Douthit anything.

[2] We affirm.

## Facts and Procedural Posture

[3] July 13, 2015, was a proverbially dark and stormy night. Shortly before midnight, Price drove her SUV into and through a stop sign and a fire hydrant at the intersection of Boulevard Place and 39th Street in Indianapolis. Price continued into the intersection without stopping then collided with a truck. Inside the truck were Douthit, the truck's owner and driver, and Douthit's six-year-old daughter. Price got out of her SUV and fled. A bystander gave chase but quickly tired and gave up. Soon after, Price's husband arrived, inspected the crash, and left.

[4] An officer of the Indianapolis Metropolitan Police Department was dispatched to the scene. Witnesses pointed the officer to a house down the road from the intersection. A different officer went to the house indicated. There, the officer found Price and her husband. Price explained that she ran the stop sign and fled from the accident because she was frightened of the storm and for her children. Her husband admitted to inspecting and then leaving the scene after Price came home but could not explain why neither he nor his wife, the driver, called the police.

[5] Price was arrested for leaving the scene of an accident causing injury, as Douthit's daughter had been taken to the hospital for swelling to her forehead and right eye. Price's SUV and Douthit's truck were both towed from the intersection.

[6] The State charged Price with Class A misdemeanor leaving the scene of an accident with bodily injury and two counts of Class B misdemeanor leaving the scene of an accident without reasonable effort to give notice to the owners of damaged property, one count for the stop sign and one for the fire hydrant. Price concluded a plea agreement with the State whereby she would plead guilty to one of the Class B misdemeanor charges, relating to the stop sign, and the State would dismiss the remaining charges.

[7] The plea agreement further provided that Price would be sentenced to 180 days' confinement, all suspended; twenty-four hours' community service; and restitution "in the amount of $ TBD ['to be determined'] paid to Jermaine [sic] Douthit . . . ." Appellant's App. p. 52. At a change of plea hearing on April 13, 2016, Price pleaded guilty and was sentenced under the terms of the agreement. The court concluded, "[L]et's do the [community service] compliance [hearing] in 60 days and then, State, you've got 30 days to get the restitution in if there is any; if there's no[t], there's not." Tr. Vol. 2, p. 5.

[8] A restitution hearing was held on August 10, 2016. Douthit testified that he had bought the truck for $4,200, but repairs to it were estimated to cost more. Douthit already owed the tow lot more than the truck's value in storage fees,

and the lot had filed a lien against the truck. Douthit, intending to surrender the truck to the lot, therefore asked for $1,096.88 restitution, representing the amount he still owed on the original $4,200 purchase price. Price objected:

> [Price:] [I]t's my understanding that . . . restitution must be represented by the damages to the vehicle; the actual damages to the vehicle by the crash that [was] referenced in the probable cause [affidavit] and that our client plead[ed] to. They have provided no proof of those damages, just verbal testimony of them but no actual proof. Storage fees and the cost of the vehicle are not represented by restitution. . . .
>
> [Court:] [Y]ou're asking the Court to find that no restitution is required?
>
> [Price:] Because of what's been provided, no proof of damages being provided; yes . . . .

Tr. Vol. 3, pp. 6-7.

[9] The court then addressed Douthit:

> [Court:} On [the] day [of the crash, the truck] was worth more than a thousand and ninety-eight dollars?
>
> [Douthit:] Yes, sir.
>
> [Court:] And how much is it worth to you now?
>
> [Douthit:] Zero.

*Id.* p. 7.

The court ordered restitution in the amount requested. Price now appeals the restitution order, claiming she owes Douthit nothing.

## Standard of Review

Orders to pay restitution are within the sound discretion of the trial court. *Bennett v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007). The trial court abuses that discretion by reaching a decision clearly against the logic and effect of the facts before it, or by application of an incorrect legal standard. *Id.*

## Discussion and Decision

Restitution may be ordered paid either to the victim of a defendant's convicted criminal conduct for actual losses caused by that conduct, or with the defendant's explicit agreement. *Smith v. State*, 44 N.E.3d 82, 86 (Ind. Ct. App. 2015), *trans. denied*. Here, it is uncontested that Douthit was not the victim of the criminal conduct for which Price was convicted. Price pleaded guilty only to damaging the stop sign, while the remaining charges, including the charge for hitting Douthit's truck and injuring his daughter, were dismissed.

The question, therefore, is whether Price explicitly agreed to pay Douthit restitution. Price claims she agreed only to allow the trial court to determine whether and how much she owed Douthit in restitution. Appellant's Reply Br. p. 4. Price's argument continues that she presumed, as was her right, that the trial court would follow the law in enforcing her agreement. *Id.* at p. 6. The law permits restitution for convicted criminal conduct causing actual loss. *Id.* at p. 7. However, according to Price, the criminal conduct for which she was

convicted did not cause Douthit's actual loss; therefore, the restitution order is contrary to law. *Id.*

[14] According to Price's reading of the restitution provision, she in fact "agreed" to nothing at all when she negotiated its terms. The trial court did not need Price's permission to determine whether the criminal conduct for which she was convicted caused Douthit's losses; that power was conferred on it by statute. Ind. Code § 35-50-5-3(a). Moreover, Price and the State both knew when she pleaded guilty that the damage to Douthit's truck was not caused by her running into the stop sign; it was caused by her running into Douthit's truck. Plea agreements are generally read like contracts. *Berry v. State*, 10 N.E.3d 1243, 1247 (Ind. 2014). We will not presume that Price contracted to give the court a power it already had to determine a result Price and the State already knew.

[15] It is clear to us by the terms of Price's plea agreement, providing for "[r]estitution in the amount of $ TBD paid to Jermaine [sic] Douthit . . . ," that Price did not simply agree to allow the trial court to determine *whether* she owed restitution. The terms are unambiguous both as to the fact and the recipient of the restitution; the only matter unresolved is the amount. Price was free, both at the restitution hearing and on appeal, to challenge Douthit's and the trial court's valuation of his truck. She did so at the restitution hearing on the grounds of insufficient evidence but has not done so on appeal. The State and Douthit do not bear the risk of loss from Price's erroneous argument below that "verbal testimony" is not "actual proof"; Price does. Tr. Vol. 3, p. 6. The trial

court was within its sound discretion to credit Douthit's testimony as to the value of his truck.

[16] While Price correctly points out that plea agreements are strictly construed against the State, *Grider v. State*, 976 N.E.2d 783, 786 (Ind. Ct. App. 2012), the trial court did not abuse its discretion in giving Price's plea agreement the only construction it reasonably bears: that Price agreed to pay Douthit restitution in an amount to be determined as would reflect his actual loss, notwithstanding that, in Price's case, the trial court could not have ordered such restitution absent Price's agreement.

## Conclusion

[17] Price agreed, as a part of her plea agreement, to pay Douthit restitution in an amount to be determined, and the trial court did not abuse its discretion in when it held Price to her plea bargain terms or when it determined Douthit's actual loss. The judgment is therefore in all respects affirmed.

[18] Affirmed.

Baker, J., and Pyle, J., concur.