FILED

Nov 17 2016, 7:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Kyle Pavan
Elwood, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyle Pavan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 17, 2016 <br><br> Court of Appeals Case No. <br> 48A02-1512-PC-2125 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman, Jr., Judge <br><br> The Honorable Carl E. VanDorn, Special Judge <br><br> Trial Court Cause No. <br> 48C03-1503-PC-2, 48D03-0709-FC-267 |

**Altice, Judge.**

**Case Summary**

[1] Kyle Pavan appeals from the denial of his petition for post-conviction relief (PCR). On appeal, he asserts that the post-conviction court erred in rejecting his claim of ineffective assistance of trial counsel.

[2] We affirm.

## Facts & Procedural History

[3] On September 28, 2007, the State charged twenty-three-year-old Pavan with class C felony incest for engaging in consensual sexual intercourse with his thirty-four-year-old biological aunt "[o]n or about various and diverse times between November 1, 2006 and January 31, 2007." *Appellant's Appendix* at 19. Pavan ultimately pled guilty and was sentenced to six years, with two years executed on work release and the remainder suspended to probation.[1] On March 3, 2014, Pavan's probation was revoked. On the same date, he filed his pro se petition for post-conviction relief (PCR), in which he raised a single issue—whether his trial counsel was ineffective for failing to argue that his prosecution for incest was barred by the applicable statute of limitations.

[4] At a hearing On October 19, 2015, Pavan and the State argued their respective positions with regard to the applicable statute of limitations. Specifically, Pavan argued that pursuant to Ind. Code § 35-41-4-2(e), prosecution for the crime of incest is barred unless commenced before the date the alleged victim

---

[1] Pavan's aunt was also charged and convicted as a result of their incestuous relationship.

reaches thirty-one years of age. According to Pavan, his prosecution for incest was barred because his aunt was thirty-four years of age at the time the charges were filed. The State responded that I.C. § 35-41-4-2(e) was inapplicable and that the charges were filed within the general five-year statute of limitations applicable to class C felonies. Pavan and the State agreed that the facts were not in dispute and that Pavan's claim presented a pure question of statutory interpretation.

The parties subsequently submitted proposed findings of fact and conclusions of law. Pavan's proposed findings addressed not only the issue raised in his PCR petition and at the October 19 hearing, but also a number of additional issues that Pavan had not previously presented to the post-conviction court. On November 16, 2015, the post-conviction court issued its order denying Pavan's PCR petition. The order addressed only Pavan's claim that his trial counsel was ineffective for failing to raise the statute-of-limitations defense before the trial court. Specifically, the post-conviction court concluded that that the five-year statute of limitations for class C felonies applied and that the charges were filed well within that limitations period. Accordingly, the post-conviction court concluded that trial counsel was not ineffective for failing to argue at trial that the statute of limitations had expired because any such argument was without merit. Pavan now appeals.

## Discussion & Decision

[6]     In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Id.* Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[7]     As an initial matter, we note that Pavan raises a number of issues in his appellate brief that he did not raise in his PCR petition or otherwise properly present to the post-conviction court. It is well settled that issues not raised in a PCR petition may not be raised for the first time on appeal. *McKnight v. State*, 1 N.E.3d 193, 202 n.3 (Ind. Ct. App. 2013). Pavan's pro se status does not excuse his failure to properly preserve these issues for appeal. *See Smith v. State*, 38 N.E.3d 218, 220 (Ind. Ct. App. 2015) (explaining that pro se litigants are held to the same standard as trained counsel and are required to follow procedural rules). Accordingly, these issues are waived, and we will address Pavan's only remaining appellate claim—whether his trial counsel was ineffective for failing to raise the statute-of-limitations defense.

[8] A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea*, 983 N.E.2d at 1138. To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 1139. In the context of a guilty plea, this requires the petitioner to establish a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have instead insisted on going to trial. *Scott v. State*, 986 N.E.2d 292, 296 (Ind. Ct. App. 2013). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Failure to satisfy either element will cause an ineffectiveness claim to fail. *Carrillo v. State*, 98 N.E.2d 461, 464 (Ind. Ct. App. 2013). Thus, if a petitioner cannot establish prejudice, we need not evaluate the reasonableness of counsel's performance. *Id.*

[9]     Pavan's appellate argument is based on a flawed interpretation of I.C. § 35-41-4-2 (2007), which, at the time Pavan was charged,[2] read in relevant part as follows:

> (a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:
>
> > (1) within five (5) years after the commission of the offense, in the case of a Class B, Class C, or Class D felony. . . .
>
> (e) A prosecution for the following offenses is barred unless commenced before the date that the alleged victim of the offense reaches thirty-one (31) years of age:
>
> > (1) IC 35-42-4-3(a) (Child molesting).
> >
> > (2) IC 35-42-4-5 (Vicarious sexual gratification).
> >
> > (3) IC 35-42-4-6 (Child solicitation).
> >
> > (4) IC 35-42-4-7 (Child seduction).
> >
> > (5) IC 35-46-1-3 (Incest).

---

[2] Our Supreme Court has explained that "the applicable statute of limitations is that which was in effect at the time the prosecution was initiated." *Wallace v. State*, 753 N.E.2d 568, 569 (Ind. 2001). Although I.C. § 35-41-4-2 has undergone some limited, mostly stylistic changes since Pavan was charged, its substance, at least as it pertains to this case, remains the same.

[10] Pavan does not dispute that the charge against him was brought well within five years of the commission of the offense. Instead, according to Pavan, his prosecution for incest was barred pursuant to I.C. § 35-41-4-2(e) because his aunt, the "victim" in this case, was thirty-four years old at the time the offense occurred. Although Pavan frames the issue in terms of the statute of limitations, his argument boils down to an assertion that it is not illegal to engage in consensual incestuous sexual intercourse with a family member over the age of thirty-one.

[11] We decline to adopt the interpretation Pavan suggests. At the time of Pavan's guilty plea, the statute criminalizing incest provided as follows:

> A person eighteen (18) years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when the person knows that the other person is related to the person biologically as a parent, child, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a Class C felony. However, the offense is a Class B felony if the other person is less than sixteen (16) years of age.

Ind. Code § 35-46-1-3 (2007).[3] Notably, the statute contains no element of force, nor does it set forth any maximum age for the perpetrator or victim. Indeed, by elevating the offense to a class B felony when the other person involved is less than sixteen years old, the statute specifically contemplates that

---

[3] The current version of the incest statute is identical in substance, but the crime is now classified as either a Level 5 or a Level 4 felony depending on the age of the victim. I.C. § 35-46-1-3.

incest continues to be criminalized when both participants are beyond the age of consent. Nothing in the incest statute itself supports Pavan's assertion that it is not illegal to engage in consensual incestuous sex, provided that the family member involved is age thirty-one or over.

[12] Our Supreme Court has noted that "[t]he legislature has provided an *extended* statute of limitations for certain sex offenses in Indiana Code section 35-41-4-2(e)." *Sloan v. State*, 947 N.E.2d 917, 923 n.9 (Ind. 2011) (emphasis supplied). Aside from incest, all of the offenses listed in I.C. § 35-41-4-2(e) are, by definition, crimes against children—vulnerable victims who may not be physically, mentally, or emotionally capable of reporting their abuse until much later in life. Although incest is not exclusively a crime against children, it is very often committed against children or other particularly vulnerable victims. When viewed in context, the purpose of I.C. § 35-41-4-2(e) is clear—it is intended to toll the statute of limitations to allow victims of certain sex crimes to report their abuse and seek justice upon reaching adulthood. In other words, the statute is intended to *extend* the statute of limitations for certain sex crimes. The statute is in no event intended to shorten the applicable statute of limitations for any crime or, as Pavan asserts in this case, wholly decriminalize an otherwise illegal sex act based on the age of the other party.

[13] Essentially, Pavan asks us to transform a tolling provision located within the statute of limitations into an additional element the State must prove to secure a conviction for incest—that the victim or, as in this case, other willing participant, is under thirty-one years old. To accept Pavan's request would be

to embrace an absurd and illogical interpretation of both the statute of limitations and the incest statute. *See In re J.S.*, 48 N.E.3d 356, 359-60 (Ind. Ct. App. 2015) (explaining that "[w]e presume that the General Assembly intended that the language used in [a] statute be applied logically and not to bring about an unjust or absurd result" (quoting *Alvey v. State*, 10 N.E.3d 1031, 1033 (Ind. Ct. App. 2014), *aff'd of reh'g*, 15 N.E.3d 72), *trans. denied*.) If the legislature had wished to place such limitations on the reach of the incest statute, it would have done so explicitly and in the statute defining the offense, not impliedly and by way of the statute of limitations.

[14] In sum, Pavan's statute-of-limitations argument is without merit, and trial counsel cannot be deemed ineffective for failing to pursue a meritless defense. Accordingly, the post-conviction court properly denied Pavan's PCR petition.

[15] Judgment affirmed.

[16] Bradford, J. and Pyle, J., concur.