## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Apr 28 2020, 8:52 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jesse Doyle, Jr.
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Monika Prekopa Talbot
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Doyle, Jr., *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, *Appellee-Respondent.* | April 28, 2020 <br><br> Court of Appeals Case No. 18A-PC-1587 <br><br> Appeal from the Dearborn Circuit Court <br><br> The Honorable James D. Humphrey, Judge <br><br> Trial Court Cause No. 15C01-1312-PC-10 |

**Kirsch, Judge.**

[1] Jesse Doyle, Jr. ("Doyle") appeals the denial of his petition for post-conviction relief, contending that the post-conviction court erred. On appeal, he raises the

following restated issue for our review: whether Doyle received ineffective assistance of his trial counsel.

[2] We affirm.

## Facts and Procedural History

[3] The facts supporting Doyle's convictions as set forth by this court in his direct appeal are as follows:

> On April 29, 2011, forty-seven-year-old Doyle was living with his girlfriend and her ten-year-old daughter, H.H. H.H. stayed home sick from school that day, and Doyle was responsible for watching her. H.H. knew that Doyle usually kept a gun under his pillow, ammunition in the chest next to the bed, and knives in the bedroom.
>
> H.H. was in Doyle's bed, and Doyle began to tickle her and kiss her on her arm and stomach. Doyle then got on top of H.H. and told her, "I'm going to f* * * you." *State's Ex*. 3A at 77. H.H. yelled for help, and Doyle closed the window. H.H. ran for the door, but Doyle grabbed her. He then slapped H.H., told her to be quiet, and put his hand over her mouth and nose. Doyle removed H.H.'s pants and spread her genitals apart with his fingers. He told H.H. to get up, closed the door to his bedroom, and removed his clothing. H.H. used the connected restroom and then returned to Doyle's room. Doyle told H.H. to "go lay down on the bed," *id.* at 141, and Doyle rubbed his penis on H.H.'s genitals and said, "You have a nice little pussy." *Id.* Doyle ejaculated on H.H. and used a towel to wipe his penis and H.H.'s genitals. He told H.H. to stand up and put her clothes back on. H.H. then moved to lie down on the couch, but Doyle told her to "come here." *Id.* at 142. He then showed H.H. a gun and a knife and threatened to kill her if she told anyone. H.H.

"pinky-promised" Doyle that she would not tell anyone what he had done. *Id.* Doyle then showed H.H. that he was putting a gun in his jacket pocket. Both Doyle and H.H. went to H.H.'s grandmother's house that evening, and H.H. told her grandmother what Doyle had done to her. The police arrived at H.H.'s grandmother's house and took H.H. and her mother to Cincinnati Children's Hospital. Sexual-assault evidence was collected from H.H.

Police were initially unable to find Doyle. In May 2011, Doyle called his daughter, Tricia, and told her that he had intended to have intercourse with H.H. Tricia then told the police where Doyle was. When police arrived at the residence where Tricia said Doyle was, they found him hiding in a back bedroom and his car was hidden at another location. Doyle admitted to touching H.H. with his penis for approximately thirty seconds. *State's Ex.* 28A at 314.

The State charged Doyle with Class A felony attempted child molesting, two counts of Class A felony child molesting while armed with a deadly weapon, and Class C felony intimidation with a deadly weapon. A jury trial was held, and Doyle was found guilty on all counts. At the sentencing hearing, the trial court merged the two Class A felony child molesting while armed with a deadly weapon convictions into the Class A felony attempted child-molesting conviction. It then sentenced Doyle to fifty years for Class A felony attempted child molesting and four years for Class C felony intimidation with a deadly weapon, to be served concurrently.

*Doyle v. State*, No. 15A05-1301-CR-39, 2013 WL 4105536, *1-*2 (Ind. Ct. App.

Aug. 14, 2013), *trans. denied*.

[4]     Doyle filed a direct appeal and was represented by counsel. On appeal, Doyle alleged that the trial court erred when it merged his two Class A felony child molesting convictions into the Class A felony attempted child molesting conviction instead of vacating them and that the State presented insufficient evidence to support his convictions for Class A felony child molesting and for Class A felony attempted child molesting. A panel of this court issued an unpublished memorandum decision in which it affirmed the trial court in part and reversed it in part. *Id*. This court held that the trial court erred in merging, and not vacating the Class A felony child molesting convictions and found that sufficient evidence supported the remaining conviction for Class A felony attempted child molesting. *Id*. at *2-*3. Doyle sought transfer to the Indiana Supreme Court, which was denied.

[5]     On December 17, 2013, Doyle filed a pro se petition for post-conviction relief, in which he alleged that he received ineffective assistance of trial counsel. *Appellant's PCR App. Vol. I* at 21-31. Although the State Public Defender filed an appearance for Doyle's post-conviction relief petition, the State Public Defender later withdrew its appearance on Doyle's behalf on June 23, 2016, and Doyle thereafter proceeded pro se. *Id*. at 45-46. Doyle amended his petition on October 19, 2017, and again alleged that he received ineffective assistance of counsel for several reasons. *Id*. at 151-61. Specifically, Doyle alleged that his trial counsel was ineffective because he: (1) did not challenge Juror 8; (2) did not move to suppress his statement to police; (3) did not object to Juror 8, Count IV, multiple convictions being entered, or the jury instruction

on attempted child molestation; (4) did not raise a defense because he allegedly conceded Doyle's guilt in the opening statement and some of his statements in the closing argument; (5) did not take a deposition of H.H.; and (6) did not provide advance notice of the affirmative defense of abandonment. *Id*. at 152-59.

[6] The post-conviction court held an evidentiary hearing on March 28, 2018. At the hearing, Doyle's trial counsel testified that he had no memory of Doyle claiming that Doyle knew Juror 8 or that Juror 8 later gave a gift to the prosecutor. *PCR Tr. Vol. I* at 243, 245. Trial counsel further testified that whether to take depositions is a matter of strategy and that he does not always take depositions of witnesses because it can sometimes help the State by revealing possible flaws in the State's case. *Id*. at 246. Trial counsel explained that in his opening statement he did not concede Doyle's guilt, but only acknowledged that there was some clear evidence that could not be disputed. *Id*. at 248. Trial counsel also testified that he did not believe that it would have been plausible to file a motion to dismiss the charges against Doyle because it would not have been granted. *PCR Tr. Vol. II* at 16-17.

[7] The two police officers who interviewed Doyle also testified at the post-conviction hearing regarding the interview that took place in a police car outside of a home where the officers had discovered Doyle hiding several days after the investigation began. *Id*. at 21, 36. Both officers testified that Doyle was not under custodial arrest when they questioned him and that he was free to leave. *Id*. at 24, 26, 27, 30, 39-40. The officers specifically testified that they

told Doyle he was free to leave before they began questioning him and again informed him he was free to leave in the middle of the interview. *Id*. at 30, 33 39-40. They also testified that Doyle was allowed to leave the car after the interview and was not arrested at that time. *Id*. at 30-31, 40.

[8] The post-conviction court issued its order, denying Doyle's petition on June 16, 2018. *Appellant's PCR App. Vol. II* at 263-69. In the order, the post-conviction court found that as to Doyle's claim regarding Juror 8, Doyle failed to prove that his trial counsel's representation was deficient because there was no evidence that there was any misconduct by Juror 8 or that the juror even knew Doyle. *Id*. at 267. As to Doyle's claim that trial counsel was ineffective for failing to file a motion to suppress or dismiss because of alleged Miranda violations during his interview with the police, the post-conviction court found that Doyle failed to prove by a preponderance of the evidence that he was at any point under custodial arrest during questioning. *Id*. Because Doyle could not prove that a motion to dismiss or a motion to suppress would have been granted if filed, the post-conviction court concluded that he failed to prove any prejudice. *Id*. at 268. The post-conviction court further concluded that the rest of Doyle's claims were without merit because he failed to show either that trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by the representation. Doyle now appeals.

## Discussion and Decision

[9] This is an appeal from the denial of a petition for post-conviction relief.

We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. [Ind. Post-Conviction Rule 1(1)]. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of [post-conviction relief] faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a [post-conviction] petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Massey v. State*, 955 N.E.2d 247, 253 (Ind. Ct. App. 2011) (quoting *Shepherd v. State,* 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (citations omitted), *trans. denied*).

Doyle challenges the effectiveness of the representation of his trial counsel. "The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel and mandates that the right to counsel is the right to the effective assistance of counsel. *Bobadilla v. State*, 117 N.E.3d 1272, 1279 (Ind. 2019). "We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland.*" *Rondeau v. State*, 48 N.E.3d 907, 916 (Ind. Ct. App. 2016) (citing *Strickland v. Washington,* 466 U.S. 668, 698 (1984)), *trans. denied*. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's representation fell

short of prevailing professional norms, and (2) counsel's deficient performance prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 698. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Rondeau*, 48 N.E.3d at 916 (quoting *Strickland*, 466 U.S. at 698). "The two prongs of the *Strickland* test are separate and independent inquiries." *Id*. (citing *Strickland*, 466 U.S. at 697). "Thus, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Id*. (quoting *Strickland,* 466 U.S. at 697).

[12] Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. We will not lightly speculate as to what may or may not have been an advantageous trial strategy, as counsel should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best. *Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009) (citing *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998)), *trans. denied*. Isolated omissions or errors, poor strategy, or bad tactics do not necessarily render representation ineffective. *McCullough*, 973 N.E.2d at 74.

[13] Doyle argues that the post-conviction court erred when it denied his petition for post-conviction relief, contending that he received ineffective assistance of trial counsel. He specifically asserts that his trial counsel was ineffective for (1)

failing to do depositions prior to trial, (2) failing to investigate the alleged Miranda violations and failing to file a motion to suppress or a motion to dismiss the charges against him as a result of these alleged Miranda violations, (3) failing to challenge Juror 8, (4) not calling defense witnesses that could have substantiated Doyle's claims that he did not cause the red irritation on the victim's vaginal area, (5) failing to object to statements made by the prosecutor during closing argument and to the admission into evidence of four pocket knives, (6) allegedly conceding Doyle's guilt in his opening statement and closing argument, and (7) failing to challenge the charging information for alleged defects.

[14] Initially, we note that Doyle has failed to make a cogent argument regarding his claims of ineffective assistance of trial counsel on appeal. *See* Ind. Appellate Rules 46(A)(8)(a) (stating that "argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning"). Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), *trans. denied*. "[P]ro se litigants are held to the same standard regarding rule compliance as are attorneys duly admitted to the practice of law and must comply with the appellate rules to have their appeal determined on the merits." *Id*. at 203. In the present case, although Doyle provides citations to cases, he does not apply them in a manner that develops and supports a reasoned argument. Because Doyle has failed to make a cogent argument regarding any

of his claims of ineffectiveness of trial counsel, he has waived appellate review of his contentions. *Id*. Waiver for failure to raise cogent argument notwithstanding, we proceed to reach Doyle's contentions on the merits.

[15] Doyle first contends that his trial counsel was ineffective for not conducting a deposition of H.H. because the deposition would have shown that the State's accusations that he possessed and used a weapon in the commission of the offenses were not correct and would have changed the outcome of the case. *Appellant's Br*. at 11. However, it is not clear from Doyle's argument which of the charged offenses he believes would have been affected by H. H.'s deposition. Doyle's use of a weapon was necessary for the State to prove the elements of Counts I, III, and IV. *Direct Appeal App. Vol. I* at 16-17. Both Counts I and III were vacated following Doyle's direct appeal. *Doyle*, 2013 WL 4105536 at *2. Therefore, to the extent that Doyle's argument rests on the premise that Counts I and III would have been impacted had his trial counsel conducted a deposition of H.H., he cannot show prejudice because he no longer stands convicted of those offenses. Further, Doyle has not met his burden to demonstrate that counsel performed deficiently. Tactical or strategic decisions will not support a claim of ineffective assistance. *Humphrey v. State*, 73 N.E.3d 677, 683 (Ind. 2017). Here, trial counsel testified that he did not take H.H.'s deposition as a matter of trial strategy because, in his experience, depositions can sometimes help the State by alerting it to possible shortcomings in its case. *PCR Tr. Vol. I* at 246. Counsel's failure to interview or depose State's witnesses does not, standing alone, show deficient performance. *Williams v. State,* 771

N.E.2d 70, 74 (Ind. 2002). The question is what additional information may have been gained from further investigation and how the absence of that information prejudiced his case. *Id.* Doyle does not identify what additional information would have been available to his trial counsel if counsel had conducted a deposition that was not already accessible to him. He has, therefore, failed to meet his burden.

[16] Doyle next argues that his trial counsel was ineffective for failing to investigate the alleged Miranda violations and failing to file a motion to suppress or a motion to dismiss the charges against him as a result of these alleged Miranda violations. To prevail on an ineffective assistance of counsel claim based on counsel's failure to file motions, Doyle must demonstrate a reasonable probability that the motion would have been successful. *Talley v. State*, 51 N.E.3d 300, 303 (Ind. Ct. App. 2016), *trans. denied*. Here, Doyle has not shown a reasonable probability that his trial counsel would have been successful if he had filed either a motion to suppress Doyle's statement to police or a motion to dismiss the charges against Doyle because Doyle was not in custody when he spoke to the police and was, therefore, not entitled to Miranda warnings. The trigger to require Miranda warnings is custodial interrogation. *Hudson v. State*, 129 N.E.3d 220, 224 (Ind. Ct. App. 2019). To determine whether a person is in custody the inquiry is whether there is formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *Reid v. State*, 113 N.E.3d 290, 300 (Ind. Ct. App. 2018), *trans. denied*. Questioning an individual the police suspect of a crime does not inherently render the questioning

custodial interrogation. *Id.* Here, Doyle was not in custody when the police questioned him. He was told he was not under arrest and that he was free to leave. *PCR Tr. Vol. II* at 24, 26, 27, 30, 39-40. Doyle agreed to speak with the officers and sat in the front passenger seat of the police car, the car door was unlocked, and Doyle was not handcuffed or restrained in anyway. *Id.* at 33, 40, 41. Doyle was allowed to leave at the end of the interview. *Id.* at 30-31, 40. Because Doyle voluntarily spoke with the police in their car, received assurances that he was not under arrest, and was able to leave after the interview was complete, he was not in custody and Miranda warnings were not required. *See Faris v. State*, 901 N.E.2d 1123,1126-27 (Ind. Ct. App. 2009) (finding that defendant was not in custody and *Miranda* warnings were not required where defendant went to the police station voluntarily, was questioned for less than two hours, was never told he was under arrest, and was permitted to go home after the interview concluded), *trans. denied*. Doyle had not met his burden to show that his trial counsel was ineffective for not filing a motion to suppress or a motion to dismiss.

[17] Doyle next claims that his trial counsel was ineffective for failing to challenge Juror 8. He asserts that he told his trial counsel that both he and H.H. knew Juror 8, and the juror did not inform anyone of this knowledge of the parties. At the post-conviction hearing, trial counsel testified that he had no memory of being told about a prior relationship between Doyle or H.H. with Juror 8. *PCR Tr. Vol. II* at 243, 245. Doyle did not present any evidence to contradict this testimony. The post-conviction court correctly concluded Doyle had failed to

meet his burden because trial counsel cannot be found to have provided deficient representation for failing to act on information that he did not receive from Doyle. Further, Doyle has not shown how he was prejudiced merely because a juror might have known him and H.H.

[18] As to Doyle's contentions that his trial counsel was ineffective for not calling defense witnesses that could have substantiated his claims that he did not cause the red irritation on the victim's vaginal area and for failing to object to statements made by the prosecutor and to the admission of four pocket knives, Doyle has waived these arguments. Doyle did not allege these issues in his petition for post-conviction relief. It is well settled that issues not raised in a petition for post-conviction relief may not be raised for the first time on appeal. *Pavan v. State*, 64 N.E.3d 231, 233 (Ind. Ct. App. 2016). For the first time, Doyle now alleges that his trial counsel was ineffective for failing to call witnesses that would have proven that he did not cause the red irritation on H.H.'s vagina found during the sexual assault exam. *Appellant's Br*. at 14. Also, for the first time, Doyle contends that his trial counsel was ineffective for failing to object to the admission of four pocket knives into evidence and to statements made by the prosecutor during closing argument. *Id*. Because Doyle did not raise any of these issues in his petition for post-conviction relief or before the post-conviction court, he cannot raise them now on appeal, and they are waived. *Pavan*, 64 N.E.3d at 233.

[19] Doyle further asserts that his trial counsel was ineffective for allegedly conceding Doyle's guilt in his opening and closing statements. Doyle points to

several statement made by his trial counsel during both his opening and closing statements, in which Doyle claims counsel admitted Doyle's guilt to the charged offenses. At the post-conviction hearing, trial counsel explained that in his opening statement he did not concede Doyle's guilt, but only acknowledged that there was some clear evidence that could not be disputed. *PCR Tr. Vol. I.* at 248. Trial counsel further stated that "we strongly argued that you were not in possession of a weapon," but that there were "certain things during the trial that [Doyle] had admitted to . . . [and] some of the evidence in the case was so clear, we couldn't contradict [it]." *Id.* Therefore, the challenged statements made by trial counsel were strategic decisions, and tactical or strategic decisions will not support a claim of ineffective assistance. *Humphrey*, 73 N.E.3d at 683. Further, during the post-conviction hearing, Doyle only questioned his trial counsel about one challenged statement made during opening statement and did not inquire into the statements from closing argument that he challenges on appeal. *See Appellant's Br*. at 15; *PCR Tr. Vol. I* at 247-49. Doyle has not met his burden to show that his trial counsel was ineffective for statements made in his opening and closing arguments.

[20]  Doyle lastly argues that his trial counsel was ineffective for failing to challenge the charging information because he claims there were defects. "'The purpose of the charging instrument is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense.'" *Hayden v. State*, 19 N.E.3d 831, 840 (Ind. Ct. App. 2014) (quoting *Ben-Yisrayl v. State,* 738 N.E.2d 253, 271 (Ind. 2000), *cert. denied*, 534 U.S. 1164 (2002)), *trans. denied*. Doyle

does not allege or present any evidence that suggests that he was unable to defend himself based upon the charges as written. Additionally, Doyle has not identified any particular defect in the charging information that was filed. *Appellant's Br*. at 15. In his amended petition for post-conviction relief, Doyle alleged that trial counsel should have objected to Count IV. *Appellant's PCR App. Vol. I* at 157. Assuming that is still his claim on appeal, in order to prevail on a claim that trial counsel should have filed a motion to dismiss Count IV, Doyle has to demonstrate a reasonable probability that such a motion would have been successful. *Talley*, 51 N.E.3d at 303. Although Doyle did not specifically ask about the sufficiency of the charging information during the post-conviction hearing, trial counsel testified that he did not think it was plausible to file a motion to dismiss the charges because it would not have been granted. *PCR Tr. Vol. II* at 16-17. The charging information in Count IV contained the name of the action and the court in which it was filed, and the name of the offense; provided the statute violated, the elements of the offense, the date of the offense, the county of the offense, and Doyle's name; and was signed by the prosecuting attorney. *Direct Appeal App. Vol. I* at 18. Doyle has not shown that a motion to dismiss the charging information would have been successful and has, therefore, not met his burden to prove his trial counsel was ineffective.

[21] Based on the above, we conclude that Doyle has failed to prove that his trial counsel was ineffective for (1) failing to do depositions, (2) failing to investigate the alleged Miranda violations and failing to file a motion to suppress or a

motion to dismiss the charges against him as a result of these alleged Miranda violations, (3) failing to challenge Juror 8, (4) not calling defense witnesses, (5) failing to object to statements made by the prosecutor during closing argument and to the admission into evidence of four pocket knives, (6) allegedly conceding Doyle's guilt in his opening statement and closing argument, and (7) failing to challenge the charging information for alleged defects. The post-conviction court did not err in denying Doyle's petition for post-conviction relief.

[22]    Affirmed.

Najam, J., and Brown, J., concur.